Argued October 5; affirmed October 25; rehearing denied November 29, 1932

## DOCKERY *v.* GARDNER

(15 P. (2d) 481)

*Fletcher Rockwood,* of Portland (Carey, Hart Spencer & McCulloch, of Portland, on the brief), for appellant.

*L. E. Crouch,* of Portland (B. E. Youmans, of Portland, on the brief), for respondent.

CAMPBELL, J. Plaintiff filed, in the circuit court of Multnomah county, his complaint in which he alleged that plaintiff, at the request of defendant, performed

work, labor and services for defendant and incurred expenses in connection therewith, of the agreed and reasonable value of $5,065.79; that on November —, 1928, an account was stated between plaintiff and defendant and there was found due plaintiff from defendant, after deducting all credits, $2,465.79, none of which had been paid except $1,000; that there is due and owing the sum of $1,465.79, for which he prays judgment.

Defendant, in his answer, made a general denial of the allegations of the complaint and as a further and separate answer and by way of counterclaim alleged that on September 14, 1928, defendant, at the request of plaintiff, executed as surety for plaintiff a promissory note in the sum of $500 payable to the First National Bank of Portland, Oregon. At the maturity of said note, plaintiff refused to pay the same, and defendant was obliged to and did pay the said note to the payee therein and seeks reimbursement from the plaintiff in said sum.

Plaintiff, in his reply, denied the allegations of defendant's further and separate answer.

The matter was tried to a jury who returned a verdict in favor of plaintiff in the full amount prayed for, and judgment was entered thereon.

Defendant appeals, and assigns as error the following:

(1) The trial court improperly admitted oral testimony by E. E. Flood as to the contents of the Herrick books of account.

(2) The court erred in instructing the jury as follows:

"However, that (the question whether the plaintiff had been employed by the defendant) is probably more

or less in the background of this case, and it is for your consideration in determining the principal fact, and that principal fact is whether or not there was an account stated between these parties.''

The record discloses that on January 13, 1927, the defendant, George L. Gardner, was employed by Fred Herrick, to sell a tract of timber located at Fulton, Alabama.

The contract of employment between Gardner and Herrick, among other things, provided that:

''* * * Mr. Gardner, upon receiving appropriate authority, from the corporation owning this property, will proceed, with diligence, to find a purchaser for the owner, within a period of six months from the date of his securing such authority from the owning company, and shall receive a reasonable extension of time within which to close any satisfactory sale which he then may have effected. * * *

''* * * Mr. Herrick will advance to Mr. Gardner to cover his preliminary expenses, at such times and in such amounts as may later be agreed upon, a sum of money not exceeding $5,000.00, such sum to be deducted from the commission so to be earned by Mr. Gardner out of the first installment thereof * * * but should he not be successful after having made a bona fide effort to accomplish such sale, then he shall not be required to reimburse Mr. Herrick for the money so advanced to cover such expense.''

On August 13, 1927, the defendant wired from Minneapolis, Minnesota, his stenographer at Portland, Oregon, as follows:

''Locate Martin W. Dockery timber cruiser Portland tell him I need him to assist me on deal in Alabama good ground principally long leaf pine have him wire me when he can leave and meet me here Minneapolis wire reply Excelsior Minnesota.''

His stenographer got into communication with plaintiff, apprised him of the services required, and sent the following wire to defendant:

"Dockery can leave at once, he suggests you wire him direct ten fourteen east twenty eight street north."

On August 25, 1927, defendant from Chicago, wired plaintiff in Portland as follows:

"Meet Minneapolis for Alabama trip. Buy your ticket to Mobile, Alabama via Minneapolis, Stop. Will meet you in Minneapolis wire me there train you arrive on."

Plaintiff thereupon complied with the instructions therein.

Accordingly plaintiff met defendant at Minneapolis and they proceeded to Chicago, where defendant introduced him to E. E. Flood and Fred Herrick as the man who would represent him (defendant) in the Alabama deal. Plaintiff was told at that time that if he needed money to get it from E. E. Flood, the financial manager of the Herrick companies.

Plaintiff left for Alabama, entering upon his duties as a timber cruiser where he remained from August, 1927, with the exception of a short time in December, 1927, until October, 1928, when his work was completed.

Money had been paid to the plaintiff from time to time. These advances on plaintiff's compensation were received mostly through E. E. Flood, leaving the balance of $1,465.79 which plaintiff seeks to recover from defendant.

There is really no controversy as to the amount earned and credits received or balances due plaintiff.

■■ ■ This assignment of error is based on the court permitting E. E. Flood to testify that all pay-

ments made through him to plaintiff were charged to defendant Gardner's account. The witness had testified that he had been, at the time, the financial agent of, and looked after the different interests of Herrick. He further testified that the books containing the Gardner account were kept under his supervision and that he directed the entries therein to be made. That by virtue of the contract of employment between Herrick and Gardner, he made the advances to Dockery and charged them to Gardner's account. This testimony was objected to as "not the best evidence as to the contents of the books," and that it was hearsay. This contention of defendant is not tenable. The witness was not testifying to the contents of a written instrument but simply to whose account the items were charged. He was testifying to some fact peculiarly within his knowledge. That, in our opinion, was the best evidence, and the books of account are secondary evidence under such circumstances.

"The books of a merchant are secondary evidence of what is written therein, and they are admissible to prove an account only when demanded by necessity." Raski v. Wise, 56 Or. 72, 81 (107 P. 984); Harmon v. Decker, 41 Or. 587 (68 P. 11, 93 Am. St. Rep. 748).

■■ ■ The following instruction is assigned as error:

"However, that (the question whether the plaintiff had been employed by the defendant) is probably more or less in the background of this case, and it is for your consideration in determining the principal fact, and that principal fact is whether or not there was an account stated between the parties."

After giving the foregoing instruction and after being made cognizant of the fact that defendant ob-

jected to a portion of it, the court immediately called the jury back and reinstructed them as follows:

"Ladies and gentlemen of the jury, a circuit judge has to be very, very careful. Somebody once said that a trial judge had to be like an oyster and keep his mouth shut, and that is particularly true when it comes to questions of fact. Nothing which the court does during the course of a trial, or nothing which the court might say in the instructions, should affect your verdict as to the facts in the case, otherwise as stating the law and giving you the law to apply to the facts. It has been called to the attention of the court that during the course of the instructions, I made the remark which might mislead you in stating whether or not there was a contract * * * but whatever the contract of employment was, it was more or less of a secondary matter. I do not want to confuse you upon that matter. That is something, of course, which you folks must decide. You will disregard that part of the court's instructions, but you will consider the matter altogether upon the court's instructions, and just disregard that instruction."

The court, in its instructions on the matter of the alleged contract of employment, said:

"The primary question, or one of the primary questions, for you folks to decide is, for whom did he perform these services?"

The court further says:

"It is the contention of the plaintiff that he was employed by Mr. Gardner to perform these services * * * If Mr. Gardner hired and employed and contracted for the services of Mr. Dockery, then, * * * he would be liable. * * * if Mr. Gardiner did not personally employ, contract and hire Mr. Dockery, but if Mr. Dockery was employed and hired by some third person or firm or organization, why, of course, Mr. Gardner would not be personally liable."

We believe the instructions fully and correctly presented the cause to the jury so as to convey to their minds the necessity of their deciding, as a question of fact, whether there was a contract of employment between the plaintiff and defendant.

"Whenever the instructions, considered as a whole, are substantially correct, and could not have misled the jury to the prejudice of the defendant the judgment will not be reversed because some instruction, considered alone, may be subject to criticism." State v. Bartmess, 33 Or. 110 (54 P. 167); Farmers Bank v. Woodell, 38 Or. 294 (61 P. 837); State v. Megorden, 49 Or. 269 (88 P. 306, 14 Ann. Cas. 130), and many others.

Finding no error, the judgment of the circuit court will be affirmed. It is so ordered.

RAND, BROWN and BELT, JJ., concur.